### W. O. CRENSHAW v. ALISSA JARVIS, ETC.

**Equity—Useless Procedure.**

A court of equity will not compel the payment of money and a commission for collecting the sum, where the money would have to be paid back as soon as collected, since it would be compelling a useless thing.

APPEAL FROM SCOTT CIRCUIT COURT.

January 7, 1873.

OPINION BY JUDGE PETERS:

It seems to the court under the judgment of the 18th of April, 1869, it was the duty of the master to collect so much of the purchase money of the land from appellant as would be sufficient to pay the owners of the four-sevenths thereof what they would be entitled to and the proposition of appellant's costs, expenses and allow-

ance therefor allowed out of the land money, and for the residue to have credited him on his sale bonds, as he was in the judgment directed to pay three shares to him. It would be useless, and might be oppressive to coerce him to pay these three shares to the commissioner, and then for him, immediately on receiving the amount, to pay it back; a vain and useless transaction, which the law will never require to be done, and which we will not interpret the judgment referred to as authorizing. With this understanding of the judgment the court below, in the case of *Crenshaw v. Cantrell, etc.*, should have ascertained the amount on the sale bond which was unpaid and that would be required to satisfy those entitled to the four-sevenths of the same, and appellant's proportion of the costs, expenses, and allowance charges on the land fund, and to have dissolved the injunction with damages for those amounts, and for the residue of the bond, perpetuated the injunction. It is not consistent with the principles of equity to make appellant pay commissions for collecting money from him, which must be paid back to him as soon as collected.

Wherefore, the judgment dismissing appellant's petition and dissolving his injunction in the case of *Crenshaw v. Cantrell, etc.*, as to the amount of the sale bond which last matured, is reversed and the cause remanded for a judgment and for further proceedings consistent herewith. His pro rata of the costs, expenses, etc., should be ascertained and that amount included in the amount for which the dissolution should go.

As to the judgment in the case of *Crenshaw v. Jarvis, etc.*, although Mrs. Jarvis had not an express authority, from the distributees, or all of them, when she rented the land, still what she did was acquiesced in and ratified by their subsequent conduct, and the settlement of her accounts by the master, including the charge against her for the rents, and the judgment of the court against her for the same in favor of those entitled thereto, discharges appellant from all responsibility. His injunction was properly dissolved and his petition against Mrs. Jarvis properly dismissed, and the same is, therefore, *affirmed*. The question of damages on the dissolution of an injunction is one of discretion to some extent, at least, with the circuit judge and, perceiving no abuse of

that discretion in this case, the judgment is affirmed on the cross-appeal.

*Polk, Robinson, for appellant.*

*Prewitt, for appellees.*